Per Curiam.

It appears from the petition that relators are organizations of employers, and that such employers are engaged in the construction industry. It does not appear from the petition that either of the relators ever has entered or intends to enter into a contract with a public authority for the construction of a public improvement. The petition fails to allege that relators have a legal right to the action sought to be enforced by this proceeding; that they have been injured in any'manner different from that affecting the public generally, or in any manner whatsoever; or that any legal private right of either organization has been affected in any manner by the inaction of respondents.
Under those circumstances, neither relator has a beneficial interest in the act which they seek to have performed or has the capacity to bring the action. In order to maintain an action in mandamus, a relator must have a beneficial interest in the act sought to be compelled.
“If no legal right of a person can be affected by the failure of a public official to act in any given matter, such person does not have a beneficial interest such as will permit bim to main *8 tain an action in mandamus to. require such official to so act.” State, ex rel. Skilton, v. Miller, Judge, 164 Ohio St., 163, 128 N. E. (2d), 47.
Since the petition fails to show a cause of action in favor of relators, the Court of Appeals properly sustained the demurrer.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.
Taet, J., concurs in the judgment.